***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted on May 6, affirmed July 13, 2022

In the Matter of the Marriage of

Julie E. EDWARDS,
nka Julie E. Allaway,
*Petitioner-Appellant,*
*and*

Jeremy Lee EDWARDS,
*Respondent-Respondent.*

Lane County Circuit Court
20DR17479; A176599

Kamala H. Shugar, Judge.

George W. Kelly filed the brief for appellant.

Jeremy Edwards filed the brief *pro se.*

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Mother appeals a judgment granting legal custody and primary physical custody of her three children to father, asserting four assignments of error. In her third and fourth assignments of error, mother argues that the trial court abused its discretion as to various aspects of its custody and parenting time decisions. Having reviewed the record, we conclude that the trial court acted within its discretion and, accordingly, do not further address those assignments. In her first and second assignments of error, mother asserts legal errors by the trial court, which were not preserved below. We write to briefly address those assignments of error and affirm the trial court's ruling.

A detailed presentation of the facts would not benefit the bench, the bar, or the public. We view the facts in the light most favorable to the trial court's disposition, upholding its factual findings if there is any evidence in the record to support them and accepting reasonable inferences and reasonable credibility choices that the trial court could have made. *Botofan-Miller and Miller*, 365 Or 504, 505-06, 446 P3d 1280 (2019), *cert den*, 141 S Ct 134 (2020). If the trial court failed to articulate its factual findings on a particular issue, we assume that it decided the facts in a manner consistent with its ultimate conclusions, as long as there is evidence in the record, and inferences that reasonably may be drawn from that evidence, that would support its conclusion. *Id*. at 506.[1]

We begin with the pertinent procedural history. Following their divorce in 2017, the parties originally shared custody of their three minor children. Mother moved for a modification of the judgment of dissolution and sought "sole legal and physical custody" of the children and a modification of father's parenting time. After mediation was unsuccessful, each parent sought sole legal custody; ultimately father withdrew his request for legal custody,[2] but he expressed

---

[1] We note that mother's brief presents the facts in a manner that was apparently rejected by the trial court and is inconsistent with our standard of review.

[2] When asked why he withdrew his request for sole legal custody, father indicated that he thought that he would lose and that he did not have the resources to continue to pursue legal custody.

concerns at trial about the children's safety around mother's new husband and told the court that he wanted the children to reside with him.

During the course of the hearing, the trial court indicated that it had safety concerns about mother's husband (who has a history of serious violence), that mother was not addressing those concerns to the court's satisfaction, that the court was not inclined to grant sole custody to mother, and that, given mother's insistence on sole custody, it did not consider joint custody to be an option. Throughout the trial, mother maintained her position that she was seeking sole legal custody of the children and never expressed a willingness to continue joint custody. Ultimately, based on the safety concerns, the court awarded sole legal custody to father and limited parenting time to mother.

Mother first argues that the trial court violated ORCP 67 C by awarding legal custody to father after "he had withdrawn his request for custody." ORCP 67 C provides that "[a] judgment for relief different in kind from or exceeding the amount prayed for in the pleadings *may not be rendered* unless reasonable notice and opportunity to be heard are given to any party against whom the judgment is to be entered." (Emphasis added.) Mother argues that, when father withdrew his request for custody, "it had the same effect as if he had never plead[ed] it at all," and suggests that she had no notice that an award of custody to father was at issue. In all events, mother never argued below that the court was foreclosed from awarding custody to father under ORCP 67 C.

"Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). To adequately preserve an issue, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Id*. at 343. Mother failed to raise below the legal argument she raises now, and she does not request plain error review. Additionally, mother's lack-of-notice argument is belied by the record, which indicates that

the trial court gave her ample notice, that it was not inclined to grant her sole custody, and that it did not consider joint custody an option given mother's position. The court's approach is supported by case law. *See Stevens and Stevens*, 234 Or App 692, 696, 229 P3d 625, 627 (2010) ("Where, as here, either party is unwilling to continue a joint custody arrangement, a change of circumstances has occurred as a matter of law, and we determine the custody issue based on the children's best interests, considering the factors set out in ORS 107.137."). Accordingly, we reject mother's first assignment of error.

Mother's second assignment likewise was not raised below. She asserts that, in veering from the parenting plans that each of the parties submitted, the trial court violated "the spirit, if not the letter, of ORS 107.102," which provides, in part, that the court will develop a parenting plan "when *** [s]o requested by either parent" or when "the parent or parents are unable to develop a parenting plan." Mother takes the view that, consistent with the statute, the court could not award "father parenting time substantially more than either party requested and *** mother parenting time substantially less than either party requested." As mother did not argue below that the statute foreclosed the custody and parenting time awards that the court suggested, and does not request plain error review, we do not consider the merits of her second assignment.

Affirmed.